

## NUMBER 13-11-00401-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

LESTER HAYNES JR.,                                    Appellant,

**v.**

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the 329th District Court
### of Wharton County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Lester Haynes Jr., pleaded guilty to evading arrest or detention with a vehicle, *see* TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2011), enhanced to a first-degree felony as a habitual felony offender, *see id.* § 12.42(d) (West Supp. 2011). A jury found that he used his motor vehicle as a deadly weapon. *See id.* § 12.35(c)(1) (West Supp. 2011). The trial court sentenced him to ninety-nine years' imprisonment.

*See id.* § 12.42(d).  By a single issue, appellant contends the evidence is insufficient to support the jury's deadly weapon finding.  We affirm.

## I. BACKGROUND

The State presented the testimony of Javier Garza, a City of Wharton, Texas, police officer involved in the pursuit and arrest of appellant.[1]

Officer Garza testified that around 1:00 p.m. on January 21, 2011, he noticed appellant's vehicle stopped at a traffic light.  Officer Garza recognized appellant because he knew that appellant had an outstanding warrant for a parole violation.  When the light turned green, appellant proceeded through the intersection and was driving at a high rate of speed.  Officer Garza was delayed in getting through the intersection because there was heavy lunch-time traffic.  The officer followed appellant and activated his emergency lights and siren.  Appellant continued to drive out of the city limits and into the county's jurisdiction at a high rate of speed.  Appellant drove past various establishments, including an elementary school, funeral home, grocery store, convenience store, and a junior college.  Officer Garza identified the in-car video of his pursuit of appellant's vehicle; the video was shown to the jury.  At some point during the chase, appellant was driving in the middle lane or turning lane.  Appellant sped through an intersection on a red light; Officer Garza estimated appellant's speed to be approximately 60 to 65 miles per hour in a 40-mile-per-hour speed zone.  Officer Garza was driving at around 100 miles per hour and was unable to catch up to appellant's vehicle.  At this point in the chase, the highway was limited to a single lane in each direction.  Appellant passed numerous vehicles in areas marked as no-passing zones.

---

[1] The State also presented testimony by Jason Baker, also a City of Wharton police officer. Officer Baker identified the in-car video of the pursuit that was shown to the jury.

As appellant approached a school, he was driving about 85 to 90 miles per hour. Appellant lost control of the vehicle and drove it into a field, where the airbag deployed. Officer Garza clocked appellant's maximum speed at 110 miles per hour as he passed other cars with oncoming traffic.

On cross-examination, Officer Garza stated that during the chase, other vehicles did not have to swerve out of the way because drivers had pulled over to the shoulder.

## II. DEADLY WEAPON FINDING

### A. Standard of Review

By his sole issue, appellant contends the evidence is insufficient to support the jury's finding that he used his car as a deadly weapon.

The court of criminal appeals has recently held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 902-03, 912 (Tex. 2010) (plurality op.). Accordingly, we review claims of evidentiary sufficiency under "a rigorous and proper application of the *Jackson* standard of review." *Id.* at 906–07, 912.

Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks*, 323 S.W.3d at 898-99 (characterizing the *Jackson* standard as: "Considering all of the evidence in the light most favorable to

3

the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt").

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

## B. Law on Deadly Weapon

A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2011). To determine whether the evidence supports a deadly weapon finding in cases involving motor vehicles, we conduct a two-part analysis. *Foley v. State*, 327 S.W.3d 907, 916 (Tex. App.—Corpus Christi 2010, no pet.); *Hilburn v. State*, 312 S.W.3d 169, 177 (Tex. App.—Fort Worth 2010, no pet.) (citing *Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009)). We first "evaluate the manner in which the defendant used the motor vehicle during the felony." *Sierra*, 280 S.W.3d at 255. We then "consider whether, during the felony, the motor vehicle was capable of causing death or serious bodily injury." *Id.*

As to the first part of the *Sierra* test—the manner in which the defendant operated the vehicle—we evaluate whether the defendant's driving was reckless or dangerous. *Id.* We consider several factors in examining whether a defendant's driving was reckless or dangerous: (1) intoxication; (2) speeding; (3) disregarding traffic signs and signals; (4) driving erratically; and (5) failure to control the vehicle. *Id.* at 255–56.

As to the second part of the *Sierra* test, to sustain a finding that the motor vehicle could cause death or serious bodily injury, there must be evidence that others were

4

*actually* endangered. *Foley*, 327 S.W.3d at 916 (citing *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003); *Drichas v. State*, 219 S.W.3d 471, 476 (Tex. App.—Texarkana 2007, pet. ref'd); *Williams v. State*, 946 S.W.2d 432, 435 (Tex. App.—Fort Worth 1997, pet. dism'd)). A hypothetical potential for danger is not sufficient. *Id.* Therefore, we must "examine the record for evidence that there were other motorists present at the 'same time and place' as the reckless driving occurred." *Id.* at 916 (citing *Drichas*, 219 S.W.3d at 476).

## C. Discussion

Appellant argues that because no cars or persons were forced to take evasive action and other drivers pulled over to the shoulder, there is no evidence that any other person or driver was actually endangered by appellant's vehicle. We disagree.

During the high-speed pursuit, which occurred in the vicinity of businesses and schools, appellant's vehicle reached a maximum speed of 110 miles per hour. Appellant ran a red light, was speeding as he drove in the middle or turning lane with oncoming traffic, passed other vehicles in a no-passing zone with oncoming traffic, and finally lost control of the vehicle. Thus, considering more than one of the *Sierra* factors, we conclude that appellant's driving was reckless and dangerous. *See Sierra*, 280 S.W.3d at 255–56. As to the second part of the *Sierra* test, other motorists were present at the same time and place as the reckless driving occurred, and pulled over to the shoulder. *See Foley*, 327 S.W.3d at 916. Viewing the evidence in a light most favorable to the prosecution, we conclude that a rational jury could have determined beyond a reasonable doubt that appellant used or intended to use his vehicle in a manner capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. §

5

1.07(a)(17); *Sierra*, 280 S.W.3d at 256 (holding evidence of deadly weapon legally sufficient when defendant exceeded speed limit, failed to maintain control of his SUV, and in fact caused serious bodily injury to another). We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
16th day of August, 2012.